STATE OF NEBRASKA, APPELLEE, v. REGINALD COUNTRY, APPELLANT.

234 N. W. 2d 593

Filed October 23, 1975. No. 40014.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

CLINTON, J.

The issue in this case is whether the doctrine enunciated in State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise, applies to require reduction of a sentence imposed for conviction of the crime of rape under section 28-408, R. S. Supp., 1974. The question arises because of the enactment of L.B. 23, Laws 1975, p. 92, which redefined most nonconsensual sexual crimes and placed them in two categories of sexual assault.

The defendant entered a plea of nolo contendere to a charge of forcible rape and, as part of a bargain in connection with said plea, a second count charging him with being an habitual criminal was dismissed. The trial judge imposed a sentence of 10 to 30 years in the Nebraska Penal and Correctional Complex. After his conviction and sentence and while this appeal was pending, L.B. 23 was enacted. The defendant appeals and asserts that the sentence is excessive and seeks the benefit of the doctrine announced in Randolph. If Randolph applies in this case, the maximum effective penalty which could be imposed would be 8⅓ to 25 years.

The doctrine of Randolph is founded upon the premise that where the Legislature amends a statute to ameliorate the penalty for a crime, it is the legislative intent that the lesser penalties apply in all cases where the judgment is not final, including cases on appeal.

Accordingly, our inquiry here should be to determine

whether we can garner from a review of the statutes a legislative intent to ameliorate the penalty for rape under L.B. 23, or whether a different intention seems to be indicated.

For the following reasons which we develop more fully later in this opinion we conclude that Randolph ought not to be applied in the case of L.B. 23. The first is that L.B. 23 is not merely an amendatory act changing the penalty for a particular offense. It defines new crimes. Secondly, the new statute contains requirements in connection with the determination of punishment which incline us to the view that the Legislature did not contemplate retroactive application to convictions under former statutes. Thirdly, the primary legislative purpose in the enactment of L.B. 23 was not the reduction of penalties. The reduction was simply a part of the general overhaul of the statutes on sexual crimes. Fourthly, where, as here, a charge of being an habitual criminal was dismissed as a part of a plea bargain, it would be unfair to the State to apply Randolph because both the State and the defendant made the bargain in light of the penalty for rape as it existed at the time the bargain was made.

L.B. 23 repealed sections 28-407, R. R. S. 1943, and 28-408, R. S. Supp., 1974, and amended section 28-409, R. R. S. 1943. Section 28-407, R. R. S. 1943, defined the crime of rape against a sister or daughter and provided for a term of life imprisonment. Section 28-408, R. S. Supp., 1974, defined common law and statutory rape and provided for a penalty of imprisonment for not more than 50 nor less than 3 years. L.B. 23 also eliminated from section 28-409, R. R. S. 1943, the crime of assault with intent to commit rape, the prescribed penalty for which was not more than 15 nor less than 2 years.

L.B. 23 defines two crimes: Sexual assault in the first degree and sexual assault in the second degree. Sexual assault in the first degree includes within the scope of its definition rape, forcible sodomy, and statutory rape,

as well as other forms of sexual assault not heretofore defined by our statutes. § 28-408.03 (1), R. S. Supp., 1975. Sexual assault in the second degree includes within its definition assault with intent to commit rape and other sexual assaults, some of which could have been prosecuted formerly only as simple assault and battery. § 28-408.04(1), R. S. Supp., 1975.

The section of L.B. 23 defining the new crime of sexual assault in the first degree imposes a penalty of not less than 1 and not more than 25 years and requires that in determining the punishment for this crime the judge shall consider "whether the actor shall have caused serious personal injury to the victim." § 28-408.03(2), R. S. Supp., 1975. The section of L.B. 23 defining sexual assault in the second degree limits punishment to 1 year unless "the actor shall have caused serious personal injury to the victim." § 28-408.04(2), R. S. Supp., 1975. Under the provisions of the former statutes defining rape and assault with intent to commit rape, the punishment depended upon no such considerations.

The record before us discloses none of the details of the commission of the crime in question. It cannot be determined from the record before us whether or not serious personal injury, as that term is defined by L.B. 23, has occurred. This may in part, of course, be because of the nature of the plea entered.

It seems to us that the provisions relating to the determination of punishment make it necessary that before a judge can, on a plea of guilty or nolo contendere, determine a sentence he must in some manner determine the fact and extent of the serious personal injury inflicted on the victim by the actor. Probably, this determination can be made only by means of an evidentiary hearing unless serious personal injury is admitted. The Legislature, when it enacted L.B. 23, did not contemplate that cases pending on appeal would require evidentiary hearing to determine a new and reduced

penalty. Yet as a practical matter this is the only way in which the Randolph doctrine could be made applicable in the present and similar cases.

In addition to the provisions of L.B. 23 already mentioned, section 28-408.01, R. S. Supp., 1975, contains recitals which indicate that a primary purpose of the statute is procedural and directed to protecting the dignity of the victim and also to insure effective due process for the person charged. These purposes are effectuated by section 28-408.05, R. S. Supp., 1975. This latter section provides for an in camera hearing to enable the judge to determine the relevance of the victim's or the alleged offender's past sexual conduct and authorizes the judge to determine the "extent" of admissibility of evidence on these points. It also provides that past sexual activity between the victim and any person other than the defendant shall not be admitted into evidence unless the consent of the victim is at issue and unless it is finally established at an in camera hearing that ". . . such activity shows such a relation to the conduct involved in the case and tends to establish a pattern of conduct or behavior on the part of the victim as to be relevant to the issue of consent." § 28-408.05(3), R. S. Supp., 1975.

L.B. 23, at least in some types of cases, makes the sex of the actor or the victim irrelevant. An analysis of the statute seems to make it clear that previous to the enactment of L.B. 23 a female could not be convicted, except as an accessory, of the crimes as previously defined.

For the reasons indicated we believe it is clear that the Legislature did not contemplate when it enacted L.B. 23 that it was simply changing a penalty and that Randolph would be applicable.

In addition to the factors already discussed, there is another consideration which bears weight under the facts of this case. The defendant, pursuant to plea bargain, secured the dismissal of an habitual criminal charge.

Under the provisions of the habitual criminal statute the possible penalty is a maximum of 60 years imprisonment. § 29-2221, R. S. Supp., 1974. To apply Randolph under the circumstances would be unfair to the State by introducing after the fact an element which it had no opportunity to consider when it made the bargain. The defendant has had the complete benefit of that bargain. The State obviously cannot in this case refile the habitual criminal count.

For the reasons set forth we hold that the doctrine of State v. Randolph, *supra,* is not applicable to a sentence for rape imposed before L.B. 23 became effective.

AFFIRMED.

BOSLAUGH, J., concurs in the result.

McCOWN, J., dissenting.

The majority opinion here approves the doctrine of State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, but determines that it should not apply to L.B. 23, Laws 1975, on the strength of semantical and technical arguments from which this court concludes that the Legislature did not intend the Randolph doctrine to apply to the complete revision of the statutes dealing with sexual assault and related criminal sexual offenses.

The principle underlying Randolph is simply that of even-handed justice. The holding makes the inevitable inference that when the Legislature adopts a new statute imposing a lighter penalty which it now deems to be sufficient for the criminal actions involved, it must have intended the new penalty to apply to every case to which it could constitutionally apply. The actual intent of the Legislature is the single vital and controlling issue.

The majority opinion assumes that the Legislature intended to apply the old harsher penalty to a defendant sentenced for rape or assault with intent to commit rape before the effective date of L.B. 23, even though exactly the same criminal actions are now subject to a lighter maximum penalty. The majority opinion supports that conclusion by the argument that rape is no

longer called rape but instead is called sexual assault, and that the new law includes not only all the old crimes but forms of sexual assault not heretofore defined by statute. Two facts, however, are undisputable. Any and all criminal acts which formerly constituted the crimes of rape and assault with intent to commit rape are still crimes under the new law. The new law has also reduced the maximum or minimum penalties for such crimes. To hold that the Legislature deliberately intended to deny a defendant the benefit of a reduced maximum penalty provided by the new law simply because the defendant was sentenced a day, a week, a month, or even several months, before the new law and the new penalty became effective, assumes that the Legislature had no concern for even-handed justice but instead was motivated by a desire for vengeance. As this court said in State v. Randolph, *supra*: " '* * * it is safe to assume, as the modern rule does, that it was the legislative design that the lighter penalty should be imposed in all cases that subsequently reach the courts.' " Here the defendant's sentence is clearly not final and there is no reason whatever that the principle of even-handed justice under the Randolph doctrine should not apply in the absence of a clear indication by the Legislature that it was not to apply.

The legislative approval of the principle of even-handed justice and the doctrine of Randolph is already apparent in other statutes. The Randolph opinion was filed January 22, 1971. Section 29-2204.01, R. S. Supp., 1974, was adopted by the Legislature shortly thereafter and became effective July 6, 1972. That statute provides: "In any criminal proceeding in which a sentence of confinement has been imposed and the particular law under which such sentence was pronounced is thereafter amended to decrease the maximum period of confinement which may be imposed, then any person sentenced under the former law shall be entitled to his discharge from custody when he has served the maximum period

of confinement authorized by the new law, notwithstanding the fact that the court may have ordered a longer period of confinement under the authority of the former law."

On the basis of that declared legislative policy, it is difficult to understand how the majority opinion can find that the Legislature did not intend that the new maximum punishment which the Legislature now feels fits the old crime of rape and the new crime of sexual assault in the first degree should not apply to a defendant whose sentence for rape is not yet final.

The majority opinion makes much of the fact that the new law makes the fact and extent of serious personal injury to the victim a matter to be considered in determining punishment and may require an evidentiary hearing on a plea of guilty. In the case before us, however, it is clear that even if the most serious personal injury be assumed, and that the defendant here was entitled to receive the maximum possible sentence under the new law, that sentence would be $8\frac{1}{3}$ years to 25 years rather than the sentence of 10 to 30 years which he received under the old law. The fact that an evidentiary hearing might be required in some cases of sexual assault in the second degree in order to determine the applicable maximum penalty is certainly no reason for denial of relief to a defendant whose sentence exceeds the maximum that could be imposed, no matter what the evidentiary hearing disclosed. If any evidentiary hearing is required before sentencing under the new law it is obviously also necessary for an offense which occurred before the effective date of the new law if the new penalty is to be applied. But it is the new law which makes it necessary and not the application of the Randolph doctrine.

There are probably comparatively few defendants in Nebraska who were sentenced for rape or assault with intent to commit rape in the short time between the date the new law was adopted and the date it became

effective, and there are even fewer of those whose sentences are not yet final. At least three of them, however, were involved in the September 1975 hearings in this court. If a rule is just and can properly be applied to a certain class of cases, the fact that the number of defendants involved may be small does not justify an injustice to any one of them, nor provide an adequate excuse for denying justice to all of them, however small the number. The fact that it may require a hearing to determine the relevant facts ought not to be an insurmountable roadblock in the pursuit of justice.

Even-handed justice ought to be an actual, vital standard which all courts and legislatures realistically strive to achieve rather than merely an idealistic principle to which they pay only lip service. It seems transparently clear that the Legislature did not intend to discard that basic principle when it completely revised and rewrote the laws of this state dealing with sexual assault and related criminal sexual offenses. Hopefully the Legislature may clarify that intent at the next session.