STATE OF NEBRASKA, APPELLEE, v. JACK WAYNE TROWBRIDGE, APPELLANT.
234 N. W. 2d 598

Filed October 23, 1975. No. 40055.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

SPENCER, J.

Jack Wayne Trowbridge, defendant, was found guilty by a jury of assault with intent to commit rape and was sentenced to a term of 2 to 6 years imprisonment in the Nebraska Penal and Correctional Complex. His only

assignment of error on this appeal is that he should be sentenced under the sexual assault statute, L.B. 23, Laws 1975, p. 92, which became effective August 24, 1975. We affirm.

Defendant was prosecuted under section 28-409, R. R. S. 1943, the felonious assault statute, which included rape. The penalty provided by that statute was not more than 15 nor less than 2 years imprisonment. Section 28-409 was amended May 1, 1975, to be effective August 24, 1975, by eliminating "rape" from that statute. The offense for which defendant was convicted occurred July 12, 1974. Defendant was sentenced January 31, 1975.

Section 49-301, R. R. S. 1943, provides: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

Defendant is seeking relief under State v. Randolph (1971), 186 Neb. 297, 183 N. W. 2d 225. We there held: "Where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise."

Section 28-407, R. R. S. 1943, which punished carnal knowledge of a daughter or sister, and section 28-408, R. S. Supp., 1974, punishing carnal knowledge of any other female, were repealed by L.B. 23, Laws 1975, p. 92. L.B. 23, which includes sections 28-408.01 to 28-408.05, R. S. Supp., 1975, was signed by the Governor on May 1, 1975, but did not become effective until August 24, 1975. At the time the defendant was convicted and sentenced there was no sexual assault statute. That offense was included in the felonious assault statute, section 28-409, R. R. S. 1943.

The present law covers sexual assault in the first degree, section 28-408.03, R. S. Supp., 1975, and sexual as-

sault in the second degree, section 28-408.04, R. S. Supp., 1975. Section 28-408.03 requires penetration. Section 28-408.04 requires sexual contact, which is defined in section 28-408.02, subsection (4), as follows: "Sexual contact shall mean the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification."

There was no penetration in the instant case. The defendant was scared off when he thought there was someone in the upstairs portion of the victim's home. The defendant, however, had thrown the victim on the floor, torn out some of her hair, torn off her earring, and tried to pull up her dress and to get on top of her. The victim received a cut on the lip and suffered extreme emotional distress. The record would indicate that it was necessary for her to consult two doctors. The details, however, are not in the record because defendant's objection to the testimony was sustained.

If we were to hold defendant's sentence should be imposed under the present statute, a new trial would be necessary. In no other way could a determination be made whether the penalty under second degree sexual assault, section 28-408.04, R. S. Supp., 1975, should be 1 year or less, or not more than 15 years. This would depend upon whether the victim sustained serious personal injury within the intent of the statute.

State v. Country, *ante* p. 570, 234 N. W. 2d 593, is decisive of the question presented. State v. Randolph (1971), 186 Neb. 297, 183 N. W. 2d 225, is not applicable to the sexual assault statute, L.B. 23, Laws 1975, p. 92 (sections 28-408.01 to 28-408.05, R. S. Supp., 1975).

In State v. Country, *supra*, we held that L.B. 23 is not merely an amendatory act changing the penalty for a particular offense. It defines new crimes. It contains

requirements in connection with the determination of punishment which indicate that the Legislature did not contemplate retroactive application to convictions under former statutes. Finally, the primary legislative purpose in the enactment of the act was not the reduction of penalties.

There is no merit to the defendant's assignment of error. The judgment is affirmed.

AFFIRMED.

McCown, J., dissenting.

My views on the general issues involved here are set out in my dissent in State v. Country, *ante* p. 570, 234 N. W. 2d 593.

The contention that a new trial would be necessary in this case if the defendant were to be resentenced under the present statute is wholly spurious. An affirmance of the conviction, and a hearing to determine whether the sentence imposed under the old law was or was not greater than the maximum allowable under the new law, would be all that would be necessary.