STATE OF NEBRASKA, APPELLEE, v. GARY L. ASHBY, APPELLANT.

234 N. W. 2d 600

Filed October 23, 1975. No. 40080.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-

COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The defendant was charged with committing a forcible rape on August 26, 1974. While released on bond, he was charged with committing a robbery and a second rape on October 20, 1974.

The defendant pleaded guilty to the rape committed on August 26, 1974, and was sentenced to imprisonment for 15 to 45 years. The other charges were dismissed. The defendant appeals, claiming that the sentence was excessive and he is entitled to a reduction in sentence under the terms of L.B. 23, Laws 1975.

The defendant is 20 years of age. He has a juvenile record and was committed to the Youth Development Center twice. Apparently, he is very aggressive sexually, particularly with older women.

On August 26, 1974, the defendant broke into the home of a 60-year-old woman who lived alone, and abused her physically and sexually for a period of 3 hours. When he left he took a small amount of money from her home. The charge on October 20, 1974, involved the robbery and rape of a 75-year-old woman. On this occasion he carried a gun.

The crime involved in this case was an aggravated offense which involved considerable violence and abuse of the victim. As the trial court observed, a sentence was necessary for the protection of the public. There was no abuse of discretion and the sentence imposed was not excessive.

The defendant's contention in regard to L.B. 23 has no merit. In State v. Country, *ante* p. 570, 234 N. W. 2d 593, this court held L.B. 23 defined a new crime and was not an amendatory act. The doctrine of State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, is not applicable. See, also, State v. Trowbridge, *ante* p. 582, 234 N. W. 2d 598.

The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

My views on the general issues involved here are set out in my dissent in State v. Country, *ante* p. 570, 234 N. W. 2d 593.

The sentence here is 15 to 45 years under the old law. The maximum sentence under the new law would be 8⅓ to 25 years for the same identical acts. The result speaks for itself.