STATE OF NEBRASKA, APPELLEE, V. EARTHEL CRISP, APPELLANT.

241 N. W. 2d 129

Filed April 21, 1976. No. 40371.

Frank B. Morrison, Stanley A. Krieger, Alan Saltzman, and Earthel Crisp, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

SPENCER, J.

Defendant, Earthel Crisp, was convicted of assault

with intent to commit rape. He was sentenced to an indeterminate term of 4 to 12 years in the Nebraska Penal and Correctional Complex. Defendant prosecutes this appeal, contending under the authority of State v. Randolph (1971), 186 Neb. 297, 183 N. W. 2d 225, he should have been sentenced under the terms of L. B. 23, Laws 1975, p. 92, rather than section 28-409, R. R. S. 1943. We affirm.

Defendant was found guilty of assault with the intent to commit rape after trial by jury. The offense occurred May 16, 1975. The jury verdict was received July 25, 1975. The court entered a judgment of conviction against defendant, but deferred sentence pending a presentence investigation. Defendant filed a motion for a new trial. On August 29, 1975, the motion for a new trial was overruled, and after a sentencing arraignment, the sentence involved herein was imposed.

On August 24, 1975, or 5 days prior to the sentence, L. B. 23, passed by the 1975 Legislature, became effective. L. B. 23 repealed the former criminal statutes dealing with rape, and statutory rape, and amended section 28-409, R. R. S. 1943, to strike the word "rape." It further defined new offenses of first and second degree sexual assault and provided penalties for them.

This case is controlled by State v. Country (1975), 194 Neb. 570, 234 N. W. 2d 593, not State v. Randolph, *supra*. Country involved a sentence for rape imposed before L. B. 23 became effective. State v. Randolph does not apply where the new statute does not merely amend the former statute by lessening the punishment, but repeals the old statute and defines new categories of crime. It also does not apply where the new statute taken as a whole may be said to evidence a legislative intent that the penalty provision thereof not apply retroactively.

State v. Trowbridge (1975), 194 Neb. 582, 234 N. W. 2d 598, mandated the same result for a sentence for assault with intent to commit rape. There, also, de-

fendant was sentenced before the effective date of L. B. 23.

The only distinguishing feature of the present case is that the sentence was imposed after the effective date of L. B. 23 for an offense committed before its effective date. We hold this to be immaterial. As we held in State v. Country, *supra*, L. B. 23 is not merely an amendatory act changing the penalty for a particular offense. It defines new crimes. It contains requirements in connection with the determination of punishment which indicate that the Legislature did not contemplate retroactive application to convictions under the former statutes. Further, the primary legislative purpose in the enactment of the act was not the reduction of penalties.

We said in State v. Trowbridge, *supra*: "If we were to hold defendant's sentence should be imposed under the present statute, a new trial would be necessary. In no other way could a determination be made whether the penalty under second degree sexual assault, section 28-408.04, R. S. Supp., 1975, should be 1 year or less, or not more than 15 years." We reaffirmed our holding that the doctrine enunciated in State v. Randolph, *supra*, is not applicable to any sentence imposed under the rape statutes in existence before L. B. 23 became effective.

The judgment is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

This case extends the harsh doctrine of State v. Country, 194 Neb. 570, 234 N. W. 2d 593, one more degree and makes the injustice of that holding even more obvious. See my dissent in State v. Country, *supra*, at page 575.

L. B. 23, Laws 1975, the bill dealing with sexual offenses and punishments, was passed by the Legislature and approved by the Governor on May 1, 1975. The defendant, Earthel Crisp, committed the assault with intent to commit rape on May 16, 1975. He was found guilty on July 25, 1975. L. B. 23 became effective in all

respects on August 24, 1975, and this defendant was sentenced 5 days later on August 29, 1975.

This court now holds that even though the new statute was in effect on the actual date of sentencing, the defendant here must still be sentenced under the harsher provisions of the old law rather than under those of the new law. As I said in my dissent in Country: "If a rule is just and can properly be applied to a certain class of cases, the fact that the number of defendants involved may be small does not justify an injustice to any one of them, nor provide an adequate excuse for denying justice to all of them, however small the number. The fact that it may require a hearing to determine the relevant facts ought not to be an insurmountable roadblock in the pursuit of justice."