STATE OF NEBRASKA, APPELLEE, v. GERALD G. EVANS, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. HOWARD L. HADENFELDT, APPELLANT.
249 N. W. 2d 204

Filed January 5, 1977. Nos. 40783, 40784.

Thomas A. Wagoner, for appellants.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendants, Gerald G. Evans and Howard L. Hadenfeldt, were originally charged with forcible rape in violation of section 28-408, R. R. S. 1943. The offense was alleged to have occurred on August 16, 1975. Pursuant to plea bargains the State was granted leave to amend the informations to charge sexual assault in the second degree under section 28-408.04, R. R. S. 1943. The defendants then entered pleas of guilty to this charge. The record does not indicate that amended informations were filed.

An evidentiary hearing was held to determine whether the victim had sustained serious personal injury as a result of the assaults. The trial court found that the victim had suffered serious emotional and mental injury as a result of the assaults and sentenced each of the defendants to imprisonment for 3 to 5 years.

The defendants have appealed and contend that the trial court erred in finding that the victim had sustained serious personal injury and that the sentences imposed were excessive. We do not consider these assignments of error because of a plain error that requires the sentences be vacated and the causes remanded for further proceedings.

L.B. 23, Laws 1975, the sexual assault law, did not become effective until August 24, 1975, some 8 days after the assaults charged in these cases took place. We have held that the sexual assault law defined new crimes and was not merely amendatory of the rape statutes. State v. Country, 194 Neb. 570, 234 N. W. 2d 593. A defendant charged with rape or assault with intent to

commit rape, which took place before the effective date of the sexual assault law, should be sentenced under the prior law and not under the sexual assault law. State v. Trowbridge, 194 Neb. 582, 234 N. W. 2d 598. See, also, State v. Parker, 196 Neb. 762, 246 N. W. 2d 210.

The judgments are vacated and the causes are remanded for further proceedings.

SENTENCES VACATED AND CAUSES REMANDED.