STATE OF NEBRASKA, APPELLEE, v. KENNETH RHODES, APPELLANT.

270 N. W. 2d 920

Filed October 25, 1978. No. 41878.

Stephen A. Scherr and Thomas J. Mullen, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The defendant, Kenneth Rhodes, was convicted of first degree sexual assault and sodomy and sentenced to imprisonment for 7 to 10 years on each count, the sentences to run concurrently. He has appealed and contends the evidence was insufficient to sustain the conviction; the prosecutor was guilty of misconduct; and that the sentences imposed were excessive and in violation of section 83-1,105, R. S. Supp., 1976.

The prosecuting witness was a married woman, 20 years of age, who was 6 months pregnant at the time of the offense. The defendant and two companions, Laurens Albert and Duane Ives, had spent a part of the afternoon and evening of July 4, 1977, drinking. While driving around in an automobile owned by Ives, they came upon the prosecuting witness and offered to take her home. Shortly before that they had given her a ride to the Regional Center west of Hastings, Nebraska. Instead of taking her home, they drove out into the country north and east of town and parked on a country road. The prosecut-

ing witness left the automobile and started walking or running down the road. The defendant followed her, pushed her into the ditch, and threatened to harm her unborn baby if she did not submit. When she tried to get away the defendant choked her and told her that he "would really hurt the baby" if she tried that again. The defendant forced her to attempt an act of fellatio and then had intercourse with her. The prosecuting witness was then taken back to town.

When she arrived back at her home her clothing was wet, her hair "was a mess," and "she was all messed up." She immediately told her husband what had happened. The police were called and then she was taken to the hospital where she was examined by a physician.

The evidence of the State was clearly sufficient, if believed, to sustain a finding of guilty beyond a reasonable doubt on both counts.

In a prosecution for sexual assault it is not essential that the prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense. It is sufficient if she is corroborated as to material facts and circumstances which support her testimony as to the principal fact in issue. State v. Thompson, 198 Neb. 48, 251 N. W. 2d 387. Here the testimony of Albert and Ives corroborated the prosecuting witness as to what had happened that evening except as to the details of the assault itself. The testimony of the husband concerning her complaint to him, and the testimony of the police officer and the physician further corroborated her testimony.

So far as resistance is concerned, there was evidence of force exerted by the defendant together with a threat to harm the unborn baby. Reasonable resistance in good faith under the circumstances is all that is required. See, State v. Parker, 196 Neb. 762, 246 N. W. 2d 210; State v. Newman, 199 Neb. 246, 257 N. W. 2d 825.

On direct examination the husband of the prosecuting witness was asked about a conversation he had with her when she returned home after the assault. An objection on the ground that the statement was hearsay was overruled. The ruling was correct because evidence that a complaint was made by the prosecuting witness is admissible. After the witness had answered, an objection to the answer was sustained because of the scope of the answer. The record shows no misconduct of the prosecuting attorney which was prejudicial to any substantial right of the defendant.

The defendant is now 24 years of age. The presentence report shows that in 1975 the defendant was convicted of delivering a controlled substance and in 1977 pleaded guilty to possession of a firearm by a felon. The offenses in this case involved violence and some harm to the victim. Under the circumstances in this case the sentences imposed were not excessive.

The maximum penalty for sodomy is imprisonment for 20 years. Under section 83-1,105, R. S. Supp., 1976, the minimum term for an indeterminate sentence could not exceed 6 years and 8 months. The sentence on count II is modified to imprisonment for a term of 6 years and 8 months to 10 years. The judgment in all other respects is affirmed.

AFFIRMED AS MODIFIED.